UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| MISSISSIPPI HIGHER EDUCATION ASSISTANCE CORPORATION and EDUCATION SERVICES FOUNDATION | PLAINTIFF |
| vs. | No. 3:11–cv-513-CWR-FKB |
| PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY d/b/a AMERICAN EDUCATION SERVICES | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Pennsylvania Higher Education Assistance Agency's ("PHEAA") Motion to Dismiss or Transfer Plaintiffs' Complaint. [Docket No. 7]. Having considered the submissions of the parties, including a response, and rebuttal, the Court finds that the motion is GRANTED. Plaintiffs' claims against the defendants will be transferred to the United States District Court for the Middle District of Pennsylvania.

Factual Background

Mississippi Higher Education Assistance Corporation ("MHEAC") was organized in 1980 by the Board of Trustees of the Mississippi Institutions of Higher Learning and the Mississippi Post-Secondary Education Financial Assistance Board for the singular purpose of acquiring student loans incurred under the Higher Education Act. Mississippi Complaint at ¶ 6, [Docket No. 1]. Education Services Foundation ("ESF") was organized in 1995 to ensure that Mississippi students have access to higher education. *Id*. at ¶ 7. It provides management services to MHEAC under a management services agreement. PHEAA is a public corporation and government instrumentality of the State of Pennsylvania that entered into a contract for the servicing of loans of MHEAC and/or ESF originated primarily in Mississippi. Complaint at ¶ 3.

On February 1, 1999, PHEAA and ESF entered into a Servicing Agreement whereby PHEAA would service student loans in MHEAC's and ESF's loan portfolios. Mississippi Complaint at ¶ 9. The agreement, according to Plaintiffs, states that PHEAA has fiduciary responsibility for billing, collection, and transfer to ESF/MHEAC.[1] *Id.* at ¶ 11. In addition, it provides that PHEAA has fiduciary duties to both companies to properly account for their funds and to accurately count the number of borrowers and loans they service. *Id.* Furthermore, PHEAA is obliged to submit monthly invoices to ESF/MHEAC for services rendered by PHEAA in accordance with the parties' Servicing Agreement, and MHEAC is obligated to pay the invoices.

A disagreement arose between the parties about monies owed under the Servicing Agreement. On March 18, 2011, MHEAC sent PHEAA a letter disputing the fees for services provided under the Servicing Agreement for the month of January. Complaint at ¶ 19. Also in the letter, MHEAC requested information from PHEAA dating back to February 1, 1999 so that MHEAC could investigate prior billings from PHEAA. *Id*.

After exchanging correspondence regarding the parties' billing dispute, PHEAA invoked Section 10 of the Servicing Agreement[2] and appointed Jason L. Swartley, Esquire (PHEAA's

---

[1] Plaintiff requests leave of Court to file a copy of the Servicing Agreement under seal, however, the Court finds it unnecessary in making its ruling.

[2] Section 10 provides:

> In the event of any dispute or disagreement between the parties hereto either with respect to the interpretation of any provision of this Agreement or with respect to the performance hereunder by PHEAA or by ESF, each of the parties will appoint a designated officer to meet for the purpose of endeavoring to resolve such dispute or to negotiate for an adjustment to such provision. In case no agreement is reached, a third designated person may be appointed upon mutual agreement to resolve such dispute or to negotiate with the previously designated officers to negotiate for an adjustment to such provision. No formal proceedings for the judicial resolution of such dispute may be commenced until either of the designated officers concludes in good faith that amicable resolution through continued negotiations of the matter in issue does not appear likely. In no event shall such procedure continue for more than sixty (60) days.

General Counsel), to meet with MHEAC in order to negotiate in good faith a resolution of the parties' billing dispute. Docket 5-1 [Pennsylvania Complaint ¶24-26]. After exhausting efforts to achieve resolution, PHEAA filed the Pennsylvania Complaint on or about July 15, 2011, and requested a declaratory judgment against MHEAA declaring that it is entitled to enforce the 60-day review and dispute period on its invoices set forth in Section 6.2 of the Servicing Agreement.[3] In essence, they sought a judgment barring reimbursement for any alleged overpayments by MHEAC prior to January 2011.

On the heels of that lawsuit and possibly in response to it, MHEAC filed the instant action on August 12, 2011. In this lawsuit MHEAC counters PHEAA's position and alleges that PHEAA has breached the contract and have been unjustly enriched because of the breach. Having established that jurisdiction is proper pursuant to 28 U.S. C. §1332, the central question before the court is

---

[Docket No. 5-1 at 23-24].

[3]  Section 6.2 provides:

> **Invoices**.  Invoices for PHEAA's Services shall be rendered by PHEAA after each month end with payment to be paid by ESF within thirty (30) days of receipt of the invoice.  If full payment is not received within thirty (30) days of ESF's receipt of the invoice, except as to amounts which are under dispute, PHEAA may assess an interest charge of 1.25% per month (15% Annual Percentage Rate) on the unpaid balance from the date of initial billing until fully paid.  If full payment is not received within sixty (60) days from the date of the invoice, except as to amounts which are under dispute, such non-payment shall constitute a default hereunder and shall entitle PHEAA at any time thereafter, to notify ESF and MHEAC of such default and if such default is not cured within thirty (30) days from ESF's receipt of the notice, PHEAA at its option, may immediately terminate this Agreement.  ESF shall report any disputes to PHEAA regarding an invoice for Services hereunder, within sixty (60) days of ESF's receipt of the invoice and PHEAA shall research ESF's account and respond to ESF.  If ESF does not report any disputes regarding an invoice for Servicing within sixty (60) days of ESF's receipt of the invoice, ESF is deemed to have accepted the invoice and the amount due and payable therein, and absent good cause for delay, PHEAA shall not be responsible for researching ESF's account, regarding such invoice, thereafter.

[Docket No. 5-1 at 21-22].

whether this Court or the United States District Court for the Middle District of Pennsylvania is the proper venue. *See* Motion to Dismiss or Transfer Plaintiff's Complaint [Docket No. 5] and Motion to Change Venue [Docket No. 6].

### "First-Filed Rule"

"The Fifth Circuit adheres to the general rule, that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 948 (5th Cir. 1997). "[T]he first to file rule not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997). The rule is based on principles of comity and sound judicial administration in order to "maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case pending in another court." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999).

Once the second-filed court finds that the issues in the two suits **might substantially** overlap, "the proper course of action [is] for the court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *Id.* (emphasis added). In other words, the court charged to make that decision is the first-filed court. *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971); *Street v. Smith*, 456 F.Supp.2d 761, 768 (S.D. Miss. 2006); and *Good Sportsman Mkg. LLC v. Testa Assocs., LLC* 2005 WL 2850302, *3 (E.D. Tex. 2005).

Furthermore, even though the Fifth Circuit recognizes an exception to the rule in cases

where a plaintiff files suit for declaratory relief in anticipation of litigation of a lawsuit to be filed by the defendant, courts have held that such a determination is also best made by the first-filed court. *Street,* 456 F.Supp at 768-769(*citing Save Power*, 121 F.3d at 948; *and Cadle*, 174 F.3d at 606).

Here, the parties agree that Defendants' previously filed suit in the United States District Court for the Middle District of Pennsylvania, and this suit involves the interpretation of the Servicing Agreement as well as the parties' conduct under the contract.  Furthermore, both parties agree that the primary dispute both then and now involves whether Defendant is liable for overcharges prior to January 2011. [Doc. 10 page 1].  Accordingly, as the Court finds that the issues in the two suits substantially overlap, and therefore, transfer of this action to the United States District Court for the Middle District of Pennsylvania is appropriate.

## CONCLUSION

Based on the foregoing, it is ordered that this case be transferred to the United States District Court for the Middle District of Pennsylvania.

SO ORDERED, this the 5th day of July, 2012.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE